Clerk's Office U.S. Dist. Court
At Lynchburg, VA
Filed
JAN 2 3 2008
John F. Corcoran, Clerk
By: /s/ Saralee
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| VERA S. HENDERSON, | CIVIL NO. 6:06cv00009 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION and ORDER |
| U.S. DEPARTMENT OF LABOR, ET AL, | |
| Defendants. | JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's Motion for Relief for Fraud Upon the Court, filed on October 4, 2007 (docket entry no. 48). Plaintiff moves pursuant to Federal Rules of Civil Procedure 60(b)(3) and 60(b)(6) and pursuant to the Court's equitable powers for relief from the Order entered on October 31, 2006 denying her application for a Temporary Restraining Order. Plaintiff also requests entry of a default judgment against defendants. Because, Plaintiff has not adduced credible evidence of fraud on the Court the Motion for Relief is DENIED.

### I. STANDARD OF REVIEW

"A motion under Rule 60(b) is addressed to the sound discretion of the district court and will not be disturbed on appeal save for a showing of abuse." *Square Constr. Co. v. Washington Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981).

### II. DISCUSSION

A motion for relief pursuant to 60(b)(6) may be granted only upon the movant's showing of 'extraordinary circumstances'." *Clayton v. Ameriquest Mortgage Co.*, 388 F. Supp. 2d 601, 607 (M.D.N.C. 2005) (quoting *Central Operating Co. v. Utility Workers of America*, 491 F.2d

245, 253 (4th Cir. 1974)). Indeed, "for a movant's case to succeed, the material offered in support of [her] Rule 60(b)(6) motion must be highly convincing." *Holland v. Va. Lee Co., Inc.*, 188 F.R.D. 241, 252 (W.D. Va. 1999). Rule 60(b)(3) sets a similar standard, requiring proof of "misconduct by clear and convincing evidence; and ... the midsconduct [must have] prevented the moving party from fully presenting its case." *Schultz v. Butcher*, 24 F. 3d 626, 630 (4th Cir. 1994).

As the cited cases indicate, a party seeking to substantiate a claim of fraud on the court must meet a high threshold of proof. Plaintiff has failed to adduce credible evidence of a fraud on the court that would satisfy that standard. Plaintiff's Motion is supported primarily by unsubstantiated allegations of false statements made by Assistant United States Attorney Thomas Eckert. Unsupported allegations of this sort are insufficient to prove fraud on the court. Moreover, even if Plaintiff could produce evidence demonstrating that Eckert's statements were false, it is doubtful that she could prove Eckert's statements prevented her from "fully presenting [her] case" for a temporary restraining order as most of the allegedly false statements were made after the TRO had been denied. *Schultz*, 24 F.3d 630.

Plaintiff also moves for an independent equitable action pursuant to the Court's residual equitable powers preserved by Rule 60(b). An independent action in equity is appropriate only in highly exceptional cases to prevent a miscarriage of justice. *United States v. Beggerly*, 524 U.S. 38, 46 (1998). Plaintiff has not presented evidence that would justify an independent action in equity.

Plaintiff moves for a default judgment against the Defendants based on the alleged acts of fraud. After careful review of Plaintiff's motion, there is insufficient evidence of fraudulent activity by the government to support a grant of a default judgment. Assuming Plaintiff produced evidence of fraud, caution would still be in order, because "entry of default is a 'drastic

remedy' and 'should be resorted to only in very extreme circumstances'". *ABI Inv. Group, et al. v. FDIC, et. al.*, 860 F. Supp. 911, 914–15 (D.N.H. 1994) (*quoting Greenbaum v. United States*, 360 F. Supp. 784, 789 (E.D. Pa. 1973)). Furthermore, Federal Rule of Civil Procedure 55(e) states that "[n]o judgment of default shall be entered against the United States or an agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Plaintiff has not provided credible evidence sufficient to support a grant of default judgment.

### III. CONCLUSION

Plaintiff has failed to substantiate her allegations of fraud on the Court. Therefore, Plaintiff's Motion for Relief is hereby, DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: *[signature]*
United States District Judge

Date: January 23, 2008