

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| VERA S. HENDERSON, *Plaintiff,* v. U.S. DEPARTMENT OF LABOR, ET AL, *Defendants.* | CIVIL NO. 6:06cv00009 MEMORANDUM OPINION and ORDER JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants' Motion to Dismiss (docket entry no. 22). In her *pro se* Complaint, Plaintiff alleges the United States Department of Labor ("DOL") and specific DOL employees violated her constitutional due process rights and failed to comply with the Privacy Act, 5 U.S.C. § 552a, in their processing of her claim for worker's compensation. Because judicial review of Plaintiff's case is partially precluded by the Federal Employee's Compensation Act ("FECA"), 5 U.S.C. § 8101, et seq., and fails to state a claim for due process violations, Defendants' motion is hereby GRANTED in part and DENIED in part.

## I. BACKGROUND

On September 14, 2000, Plaintiff was injured in an auto accident while employed by the United States Department of Commerce, Bureau of the Census in San Francisco, California. On September 21, 2000, Plaintiff filed for worker's compensation with the DOL Office of Worker's Compensation Programs ("OWCP") claiming spinal injury and psychological trauma. The OWCP found that Henderson was injured while in the performance of official duty and accepted a claim for cervical strain, but denied her claim for psychological injury. On June 7, 2001, the OWCP proposed termination of Plaintiff's compensation, finding on the weight of the medical

evidence that Plaintiff's spinal condition had resolved. On October 5, 2001, the OWCP finalized the termination.

Plaintiff sought review of her benefits termination before an OWCP hearing representative. On February 28, 2002, the hearing representative vacated the decision terminating compensation, and remanded to the OWCP for further development of the medical record.

On August 29, 2002, after further development of the medical record, the OWCP accepted that Henderson suffered from recurrent major depressive disorder and prolonged post-traumatic stress disorder as a result of the accident. Henderson continued to pursue recognition by the OWCP of additional spinal injuries.

The OWCP determined on August 21, 2003 that Henderson's conditions had resolved and again proposed termination of benefits. Plaintiff submitted further medical evidence challenging the OWCP's proposed termination. The OWCP determined that it would be necessary to schedule an impartial medical evaluation. Over the following three years, the OWCP attempted on a number of occasions to schedule a referee medical examination, with no success. The OWCP finally scheduled an examination for December 13, 2006, which plaintiff failed to attend. As a result, the OWCP issued a proposed notice of suspension of compensation pursuant to 5 U.S.C. § 8123(d), giving Plaintiff 14 days to respond. After reviewing Plaintiff's response, the OWCP suspended Plaintiff's compensation on January 11, 2007. Plaintiff has appealed this decision to the Employees' Compensation Appeals Board where the matter is currently pending.

While Plaintiff pursued her claims with the OWCP, she also filed a series of Privacy Act requests and appeals with the DOL, asserting various errors in her OWCP records. The DOL

Office of the Solicitor allowed some corrections, but found that other proposed changes were adjudicatory in nature and thus exceeded the scope of the Privacy Act.

## II. STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). In considering a Rule 12(b)(6) motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See id.* at 244; *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001).

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (alteration in original omitted) (citations omitted) (internal quotation marks omitted). Instead, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citations omitted). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"; plaintiffs must "nudge[] their claims across the line from conceivable to plausible" or "their complaint must be dismissed." *Id.* at 1974. As the Fourth Circuit has held, a plaintiff "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist." *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 344–45 (4th Cir. 2006).

Because *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," courts must "construe *pro se* complaints liberally." *Baudette v. City of*

- 3 -

*Hampton*, 775 F.2d 1274, 1277–1278 (4th Cir. 1985). Fourth Circuit precedent "expresse[s] the indisputable desire that those litigants with meritorious claims should not be tripped up in court on technical niceties." *Id.* at 1277–78 (citation omitted). Courts need not, however, "conjure up questions never squarely presented to them. . . . Even in the case of *pro se* litigants, they cannot be expected to construct full blown claims from sentence fragments." *Id.* at 1278.

### III. DISCUSSION

Plaintiff's Complaint alleges thirteen counts arising from the processing of her worker's compensation claims. Counts I through XI allege various Privacy Act violations by the DOL. Count XII asserts procedural due process violations by the DOL Office of the Solicitor. Count XIII names specific DOL employees alleged to have violated Plaintiff's procedural due process rights in excess of the scope of their official authority.

*A. Constitutional Claims – Count XII*

FECA governs the federal worker's compensation program and places its administration with the DOL. 5 U.S.C. § 8145. Judicial review of agency action under FECA is precluded by 5 U.S.C. § 8128(b), which provides that:

> The action of the Secretary [of Labor] or her designee in allowing or denying a payment under this subchapter is:
>
> (1) final and conclusive for all purposes and with respect to all questions of law and fact; and,
> (2) *not subject to review* by another official of the United States or *by a Court* by mandamus or otherwise.

5 U.S.C. § 8128(b) (emphasis added). The Supreme Court has described § 8128(b) as "an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary's determination of FECA coverage." *Sw. Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991) (quoting *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 780 n. 13 (1985)). The Fourth Circuit has stated

that FECA "is the exclusive remedy for federal employees within its coverage." *Wallace v. U.S.*, 669 F.2d 947, 951 (4th Cir. 1982).

Judicial review of the Secretary of Labor's worker's compensation decisions are generally barred, however, courts have recognized two limited exceptions: (1) when a substantial constitutional claim is raised, or (2) when the Secretary has "violated a clear statutory mandate." *Lepre v. United States Dep't of Labor*, 275 F.3d 59, 64–74 (D.C. Cir. 2001). Plaintiff has not alleged violation of a clear statutory mandate, therefore the only question is whether a substantial constitutional claim has been raised.

Although, the Fourth Circuit has not considered the issue, a number of other Circuits have recognized a limited exception to Section 8128(b) allowing judicial review of substantial constitutional claims. *Lepre v. U.S. Dep't of Labor*, 275 F.3d 59, 67 (D.C. Cir. 2001); *Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1437 (7th Cir. 1996) (en banc); *Brumley v. U.S. Dep't of Labor*, 28 F.3d 746, 747 (8th Cir. 1994) (per curiam); *Benton v. United States*, 960 F.2d 19 (5th Cir. 1992) (per curiam); *Woodruff v. United States Dep't of Labor*, 954 F.2d 634 (11th Cir. 1992); *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988); *Paluca v. Sec'y of Labor*, 813 F.2d 524, 526 (1st Cir. 1987); *Rodrigues v. Donovan*, 769 F.2d 1344, 1348 (9th Cir. 1985). Assuming that the Fourth Circuit would recognize a similar exception, Henderson has still failed plead any facts giving rise to a substantial constitutional claim.

Although plaintiff alleges a procedural due process violation of the constitution, Plaintiff must identify a substantial defect in the administrative procedures used by the DOL. *Czerkies*, 73 F.3d at 1443. As Judge Posner wrote for the Seventh Circuit "[t]he government does not violate the Constitution every time it mistakenly denies a claim for benefits." *Id.* After reviewing Plaintiff's Complaint, taking into account her status as a *pro se* litigant, I cannot identify any potential due process violations. Indeed, Plaintiff's Complaint recites facts

- 5 -

indicative of a robust set of procedures for challenging DOL decisions concerning worker's compensation benefits. Plaintiff has pursued appeals on disputed issues on numerous occasions, several of which have been resolved in her favor. There is no indication in the Complaint that Plaintiff has been denied the procedural due process protections afforded her by the Constitution.

### B. Bivens Claims – Count XIII

Plaintiff has also alleged constitutional violations under color of law by Andrew Tharp, Deborah Dille, and Diana Bigham, all of whom were employed by the OWCP. Complaint, ¶ 129. In order to state a claim against a federal employee in an individual capacity, Plaintiff would have to show a *Bivens* based claim for constitutional violations. *Bivens v. Six Unkown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). As discussed above, however, Plaintiff has failed to identify any constitutional violation that would give rise to a *Bivens* claim. Even assuming Plaintiff was to succeed in identifying a constitutional violation, an implied *Bivens* cause of action would be inappropriate under the circumstances.

A *Bivens* cause of action will not be implied if there are "special factors counseling hesitation in the absence of affirmative action by Congress." *Davis v. Passman*, 442 U.S. 228, 245 (1979) (citation omitted). In *Schwieker v. Chilicky*, 487 U.S. 412 (1988), the Supreme Court declined to recognize a Bivens cause of action for alleged constitutional due process violations in the administration of the Social Security Act. The Court stated "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies." *Id.* at 423.

FECA, like the Social Security Act, is a comprehensive statutory mechanism indicative of congressional intent to create an exclusive set of remedies. Under these circumstances a *Bivens* cause of action should not be implied. My conclusion is supported by the reasoning of

- 6 -

*Briscoe v. Potter*, 355 F. Supp. 2d 30 (D.D.C. 2004), which also held that FECA precludes a *Bivens* cause of action.

### C. Privacy Act Claims – Counts I–XI

The Privacy Act creates a procedure whereby a citizen can gain access to personal files held by federal agencies and seek correction of factual inaccuracies.[1] In the event an agency fails to comply with the dictates of the Act, 5 U.S.C. § 552a(g) allows for judicial review of the challenged agency action and provides for damages and attorney's fees if appropriate.

It is well established, however, that the Privacy Act "may not be employed as a skeleton key for reopening consideration of unfavorable federal agency decisions." *Rogers v. U.S. Dept. of Labor*, 607 F. Supp. 697, 699 (N.D. Ca. 1985). The purpose of the Act is to correct factual and historical errors in agency records, not to be a "springboard for launching a collateral attack on [agency] decisions." *Kleiman v. U.S. Dept. of Energy*, 742 F. Supp. 697, 699 (D.D.C. 1990).

To the extent that Plaintiff's Privacy Act claims are an attempt to collaterally attack the DOL's handling of her FECA claim, they are barred by the jurisdiction stripping language of 5 U.S.C. § 8128(b). However, viewing the Complaint in the light most favorable to the Plaintiff, and accepting factual averments as true, Counts I–XI do state claims under the Privacy Act.

---

[1] The relevant portions of the Privacy Act provide:

> Each agency that maintains a system of records shall upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him . . . to review the record and have a copy made of all or any portion thereof in a form comprehensible to him . . . permit the individual to request amendment of a record pertaining to him and not later than 10 days (excluding Saturdays, Sundays, and legal public holidays) after the date of receipt of such request, acknowledge in writing such receipt; and promptly either make any correction of any portion thereof which the individual believes is not accurate, relevant, timely, or complete; or inform the individual of its refusal to amend the record in accordance with his request, the reason for the refusal, the procedures established by the agency for the individual to request a review of that refusal . . . permit the individual who disagrees with the refusal of the agency to amend his record to request a review of such refusal, and not later than 30 days (excluding Saturdays, Sundays, and legal public holidays) from the date on which the individual requests such review, complete such review and make a final determination . . .

5 U.S.C.A. § 552a(d)(1)–(3) (internal numbering omitted)

Counts I – XI allege a series of refusals to alter documents and failures to respond within the time limits set by the Privacy Act. Construing Plaintiff's *pro se* Complaint liberally, that is sufficient to survive a motion to dismiss. However, due to the jurisdiction stripping language of 5 U.S.C. § 8128(b), Plaintiff's surviving claims will be limited in scope. If Plaintiff succeeds in showing a failure to comply with the Privacy Act, the Court can order a correction of the record. However, the Court lacks the power to order the OWCP to change its ultimate determination as at to Plaintiff's eligibility for compensation. Nor can the Court order the OWCP to reconsider its decision on the basis of a changed record.

## IV. CONCLUSION

Counts XII and XIII fail to state a claim upon which relief can be granted and are hereby DISMISSED. Defendants Andrew Tharp, Debeorah Dill, and Diana Bigham are hereby DISMISSED. Therefore, Defendants' Motion is hereby GRANTED in part and DENIED in part.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: *[signature]*
United States District Judge

Date: January 23, 2008