CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
APR 11 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| VERA S. HENDERSON,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATE OF AMERICA, ET AL,<br><br>*Defendants.* | CIVIL NO. 6:07cv00009<br><br>MEMORANDUM OPINION and ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint, filed on November 15, 2007 (docket entry no. 46). Plaintiff alleges numerous statutory and constitutional violations by the United States Department of Commerce ("DOC"), the Secretary of the DOC, the United States Department of Labor ("DOL"), the Secretary of the DOL, and named employees of the DOC and DOL in their official and individual capacities arising from the processing of Plaintiff's claim for worker's compensation. For the following reasons, this Motion is hereby GRANTED in Part, and DENIED in Part.

## I. BACKGROUND

The background facts are stated in the Memorandum Opinion and Order in Plaintiff's companion case, *Henderson v. United States Dept. of Labor*, No. 6:06CV00009, 2008 WL 191307 (W.D. Va. Jan. 23, 2008).

## II. STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). In considering a Rule

- 1 -

12(b)(6) motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See id.* at 244; *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001).

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (alteration in original omitted) (citations omitted) (internal quotation marks omitted). Instead, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citations omitted). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"; plaintiffs must "nudge[] their claims across the line from conceivable to plausible" or "their complaint must be dismissed." *Id.* at 1974. As the Fourth Circuit has held, a plaintiff "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist." *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 344–45 (4th Cir. 2006).

Because *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," courts must "construe *pro se* complaints liberally." *Baudette v. City of Hampton*, 775 F.2d 1274, 1277–1278 (4th Cir. 1985). Fourth Circuit precedent "expresse[s] the indisputable desire that those litigants with meritorious claims should not be tripped up in court on technical niceties." *Id.* at 1277–78 (citation omitted). Courts need not, however, "conjure up questions never squarely presented to them. . . . Even in the case of *pro se* litigants, they cannot be expected to construct full blown claims from sentence fragments." *Id.* at 1278.

## III. DISCUSSION

Plaintiff alleges forty counts of illegal activity arising from the processing of her claim for worker's compensation against the DOC, the Secretary of the DOC, the DOL, the Secretary of the DOL, numerous employees of the DOC and DOL in their official and individual capacities, and various John Doe defendants. I will discuss each of Plaintiff's allegations in turn.

### A. Privacy Act Claims

Counts I through XII allege violations of the Privacy Act, 5 U.S.C. § 552a, by the DOL. Counts XIII through XV are Privacy Act claims against the DOC. The relevant legal standards for evaluating Plaintiff's Privacy Act claims are discussed in the Memorandum Opinion and Order in Plaintiff's companion case, *Henderson v. United States Dept. of Labor*, No. 6:06CV00009, 2008 WL 191307 (W.D. Va. Jan. 23, 2008).

Count I is a factual statement and fails to allege any illegal conduct under the Privacy Act and is therefore dismissed.

Count III alleges that the responses from the DOL Solicitor "cannot be disentangled and deciphered without great difficulty." (Pl's Am. Comp. Count III). The Privacy Act does not create a cause of action for poorly drafted agency correspondence. Count III is dismissed.

Count IV fails to identify a specific violation of the Privacy Act. Plaintiff simply asserts that the "Solicitor restates Plaintiff's appeal language to make its decisions, however, Plaintiff's appeals were written differently than as transposed or condensed by the solicitor." (Pl's Am. Comp. Count IV). Count IV is dismissed.

Count V alleges the DOL violated the Privacy Act by failing to either write "null and void" on a vacated decision or remove it entirely from her file. The Privacy Act entitles a party to correct an inaccurate record, however, Plaintiff does not allege the decision is inaccurate,

Case 6:06-cv-00009-NKM-mfu   Document 55   Filed 04/11/08   Page 3 of 9   Pageid#: 1016

merely that is does not contain a sufficiently prominent statement that it has been vacated. Plaintiff has not alleged a failure to maintain accurate records, therefore Count V is dismissed.

Count VI narrates an example of Plaintiff's frustration with the DOL's processing of her Privacy Act appeals but does not allege a specific violation of the Privacy Act and is therefore dismissed. Similarly, Count VIII does not identify a specific violation of the Privacy Act and is therefore dismissed.

Count IX is based on the DOL's failure to remove a psychological test from Plaintiff's administrative record. Plaintiff argues the test is based on a flawed methodology and disputes the medical value of the test. Plaintiff's complaint is based on the substantive weight the test should be given, not with the DOL's recordation of the test results, and is therefore beyond the scope of the Privacy Act. Count IX is dismissed.

Count X is an improper attempt at collateral review of an agency decision. As discussed in detail in my January 23, 2008 Memorandum Opinion and Order, the FECA precludes judicial review of federal worker's compensation determinations. *See* 5 U.S.C. § 8128(b). The Privacy Act "may not be employed as a skeleton key for reopening consideration of unfavorable agency decisions." *Rogers v. U.S. Dept. of Labor*, 607 F. Supp. 697, 699 (N.D. Ca. 1985). Count X is dismissed.

Count XI challenges the OWCP's refusal to amend the questions submitted to an impartial medical examiner. Again, Plaintiff is disputing a substantive agency decision that is not subject to review by this Court. Count XI is dismissed.

Count XIV recites facts relating to one of Plaintiff's Privacy Act appeals, but does not allege a specific violation of the Privacy Act. Count XIV is dimissed.

Plaintiff has not yet appealed the Privacy Act requests described in Count XV, therefore

- 4 -

Case 6:06-cv-00009-NKM-mfu  Document 55  Filed 04/11/08  Page 4 of 9  Pageid#: 1017

this Court lacks jurisdiction to hear this claim. See 5 U.S.C. § 552a(g)(1)(A). Count XV is dismissed.

Liberally construed, Plaintiff's remaining Privacy Act Counts, numbered II[1], VII, XII, and XIII, state claims upon which relief may be granted.

### B. Rehabilitation Act and Age Discrimination in Employment Act Claims

Counts XVI through XXVIII allege violations of Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, and various provision of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, by the Secretaries of the DOC and DOL. Plaintiff's claims under the Rehabilitation Act and ADEA against the DOL are barred by the terms of both Acts. Both Acts only apply to discrimination against an "employee," but Plaintiff has never been an employee of the DOL. See 29 U.S.C. § 791; 29 U.S.C.A. § 633(a); see also, Svenson v. Thomas, 607 F.Supp 1004, 1006 (D. D.C. 1985) ("The plaintiff's claim against defendant [] under the ADEA, not being against the head of the employing agency, also must fail.").

As to Plaintiff's claims against the DOC, although the DOC was Plaintiff's employer, Plaintiff's allegations are not directly related to her employment. There are based rather on perceived mistakes in the processing of her worker's compensation claim. Plaintiff attempts to bring her claim within the scope of the ADEA by citing language in the Act making it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, *or privileges of*

---

[1] Defendants argue that Henderson has no cause of action for the DOL's failure to issue a decision in her appeals in thirty days. Defendants reasons that Henderson's relief for violation of the deadline is the ability to immediately file suit under the Privacy Act. Therefore, defendants argue, there is no cause of action because Plaintiff has already received the only relief available. Defendants' interpretation of the statute is incorrect. Plaintiff could potentially collect damages under 5 U.S.C. § 552a(g)(4) if she could show the DOL acted in a manner "which was intentional or willful" and demonstrate actual damages flowing from the delayed response to her appeal. It is likely that Plaintiff will face great difficulty in making such a showing, however, it would be premature to dismiss Count II at this stage of the litigation.

*employment*, because of such individual's age." 29 U.S.C. § 623(a)(1). Plaintiff argues that worker's compensation is a "privilege of employment" and therefore is covered by the act. However, Plaintiff has not identified a single case extending the ADEA to cover alleged discrimination in the processing of a worker's compensation claim. The ADEA would clearly apply to an agency's blanket decision to deny worker's compensation coverage to a class of employees on the basis of age, but Plaintiff has not made this argument. Plaintiff admits that she has received worker's compensation benefits, her argument is rather that the DOL, which administers the federal worker's compensation program, has mishandled her case. As I interpret the ADEA, plaintiff's allegations are clearly beyond the scope of its coverage, and therefore Plaintiff has failed to state a claim.

### D. Constitutional Due Process and Equal Protection

Counts XXIX through XXXIII assert constitutional due process and equal protection claims against various employees of the DOC and DOL in the processing of her worker's compensation claim. Judicial review of the Secretary of Labor's worker's compensation decisions are generally barred by 5 U.S.C. § 8128(b), however, courts have recognized a limited exception: (1) when a substantial constitutional claim is raised, or (2) when the Secretary has "violated a clear statutory mandate." *Lepre v. United States Dep't of Labor*, 275 F.3d 59, 64–74 (D.C. Cir. 2001).[2] After a careful review of Plaintiff's claims, I find nothing that rises to the level of a "substantial constitutional claim" or a "clear violation" of a statutory mandate. Plaintiff's claims must therefore be dismissed.

### E. Bivens *Claim*

Count XXXIV alleges a violation of Plaintiff's "Fifth Amendment Equal Protection of

---

[2] See *Henderson v. United States Dept. of Labor*, No. 6:06CV00009, 2008 WL 191307 (W.D. Va. Jan. 23,

Liberty Interest in Reputation" by Bureau of Census employee Dorothy Ballard acting in an individual capacity. The only possible basis for a claim against Mrs. Ballard, a federal employee, is a *Bivens* action. *See Bivens v. Six Unkown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, as I held in Plaintiff's companion case, *Henderson v. United States Dept. of Labor*, No. 6:06CV00009, 2008 WL 191307 (W.D. Va. Jan. 23, 2008), a *Bivens* cause of action should not be implied under FECA. Plaintiff's claim must therefore be dismissed.

### F. First Amendment Free Speech Claims

Counts XXXV and XXXVI allege certain named federal employees acting in their official capacities, violated Plaintiff's First Amendment free speech rights. Plaintiff appears to argue that the DOC and DOL are mishandling her worker's compensation claim as a form of retaliation. However, Plaintiff does not cite any case authority that would support her claim for retaliation, nor does she explain what protected speech activity she engaged in that would form the basis of a retaliation suit. Applying the standards discussed in Section D, Plaintiff has not alleged a "substantial constitutional claim" and her claims must therefore be dismissed.

### G. Remaining Claims

Count XXXVII alleges a conspiracy to deprive Plaintiff of her constitutional rights in violation of 18 U.S.C. § 24 by various federal employees acting in their official capacities. As discussed in sections D, E and F, Plaintiff has failed to state any claims for constitutional violations. There can be no conspiracy if there was no potential violation of the Constitution, therefore Plaintiff's claims must be dismissed.

Count XXXVIII alleges discrimination and harassment under the Privacy Act against all

---

2008), for a more detailed discussion of the relevant legal standards.

Case 6:06-cv-00009-NKM-mfu Document 55 Filed 04/11/08 Page 7 of 9 Pageid#: 1020

named defendants. However, Plaintiff has not identified any provisions in the Privacy Act creating a cause of action for "discrimination and harassment." Therefore, Plaintiff Claims must be dismissed.

Count XXXX[3] alleges violations of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, by the DOL and Secretary of the DOL. Judicial review of FECA determinations is barred by 5 U.S.C. § 8128(b). Moreover, the APA is not an independent source of jurisdiction authorizing judicial review of agency action. *See Califano v. Sanders*, 430 U.S. 99 (1977). Accordingly, Plaintiff's Count XXXX is dismissed.

### H. Consolidation

Federal Rule of Civil Procedure 42(a) grants the Court authority to consolidate "actions involving a common question of law or fact." Fed. R. Civ. P. 42(a). The decision to consolidate is committed to Court's discretion and consolidation may be initiated *sua sponte*. *See Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). All of the claims alleged by Plaintiff in this matter and in the companion case, *Henderson v. United States Dept. of Labor*, Civil Action No. 6:06cv00009, arise from a common set of facts — Plaintiff's disputed claim for worker's compensation. The legal issues presented overlap almost completely, and there is little likelihood of prejudice to any party if the cases are consolidated. Therefore, Plaintiff's civil actions will be consolidated pursuant to Rule 42(a).

### IV. CONCLUSION

Liberally construed, Counts II, VII, XII, and XIII state claims upon which relief may be granted. Defendant's Motion is DENIED as to those Counts. Defendant's Motion is GRANTED as to all remaining Counts which are hereby DISMISSED. Defendants Dorothy

---

[3] There is no Count XXXIX in the Amended Complaint.

- 8 -

Ballard, Andrea LaBarge, Susan Thomas, Edward Duncan, Gregory Moody, Robert Barnes, Andrew Tharp, Deborah Dill, Diana Bigham and the John Doe defendants are DISMISSED from this action.  This action is hereby CONSOLIDATED with *Henderson v. United States Dept. of Labor*, Civil Action No. 6:06cv00009.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: This 11th Day of April, 2008

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

- 9 -

Case 6:06-cv-00009-NKM-mfu   Document 55   Filed 04/11/08   Page 9 of 9   Pageid#: 1022