CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
JUL 3 1 2008
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| VERA S. HENDERSON,<br><br>    *Plaintiff,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR, ET AL.,<br><br>    *Defendants.* | CIVIL NOS. 6:06cv00009 and 6:07cv00009<br><br>MEMORANDUM OPINION and ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff Vera Henderson's Motion to Alter or Amend Judgment under Rule 59(e) and Relief from Judgment or Order under Rule 60(b) (docket no. 57). Henderson requests that I reconsider my April 11, 2007 Memorandum Opinion and Order ("the Order") dismissing in part certain of Henderson's claims. The arguments in Henderson's motion restate the same arguments that were previously considered in the Order. Because Henderson's arguments remain unpersuasive, the motion is denied.

## I. STANDARD OF REVIEW

Henderson seeks reconsideration of the Order under Federal Rules of Civil Procedure 59(e) and 60(b). Because Henderson filed her motion within 10 days of the entry of the Order I will evaluate her motion under Rule 59(e). *See, e.g., Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) ("If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time it falls under Rule 60(b)." (quoting *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991)).

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) is committed

to the discretion of the Court. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 402 (4th Cir. 1998). The Fourth Circuit recognizes "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* at 403. In effect, Rule 59(e) "permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Id.* (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995)). However, "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* Furthermore, "if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (citations omitted). As a general rule, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995)).

## II. DISCUSSION

Henderson's motion raises two primary arguments for amending the Court's prior Order: (1) Henderson has filed new evidence not previously available, and (2) the Court made numerous errors of law.

Henderson's first argument is that documents first received from the Department of Commerce on April 15, 2008 support her claims. Assuming that the recently produced evidence would qualify as "new" for purposes of Rule 59(e),[1] The Court finds that the evidence still

---

[1] Henderson states she first requested the documents from the Department of Commerce in October and

would not necessitate reconsideration of the Order. For purposes of a motion to dismiss, all factual allegations are taken as true. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). Henderson has already alleged the facts which the new evidence is claimed to support. Therefore, the new evidence does not alter the Court's legal conclusions as to the appropriate resolution of the motion to dismiss.

As to Henderson's second argument—that the Court committed legal error—after a thorough review of the Order and Henderson's motion, the Court finds that the Order must remain unaltered. The arguments Henderson raises in her motion are essentially the same arguments raised previously in her brief in opposition to the Government's motion to dismiss. The Court fully considered Henderson's arguments in deciding the motion to dismiss, and nothing in the present motion gives the Court reason to alter its prior conclusions.

### III. CONCLUSION

Plaintiff's new evidence and legal objections are insufficient to justify altering or amending the Order under Rule 59(e). The motion is therefore DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: This 31st Day of July, 2008

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

November of 2006 and did not receive them until April 15, 2008. Therefore, contrary to the arguments of the Government, it is likely that the evidence would qualify as new.